JUDGE GRIESA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIGIPROTECT USA CORPORATION

                                        Plaintiff,

        v.

JOHN/JANE DOES 1–266

                                        Defendants.

Case No.: _____

**JURY TRIAL DEMANDED**

RECEIVED
NOV 1 9 2010
U.S.D.C. S.D. N.Y.
COMPLETED

## COMPLAINT

Plaintiff, by and through its attorneys, as and for its Complaint against Defendants, avers as follows:

### INTRODUCTION

1.      This is an action for deliberate infringement by Defendants, whose names are as yet unknown, of Plaintiff's copyrights in certain creative works, described more fully herein. Defendants, whose names Plaintiff seeks to determine through discovery, are engaged in the illegal copying and downloading via peer-to-peer networks of Plaintiff's copyrighted creative work.

### THE PARTIES

2.      Plaintiff, DigiProtect USA Corporation ("DigiProtect") is a corporation organized and existing under the laws of the State of New York, having an address at 415 Madison Avenue, New York, NY 10017. DigiProtect is the exclusive licensee of the copyrighted work at issue in this Complaint for distribution on the Internet via peer-to-peer sharing and one-click distribution.

3.     Defendants John Does 1–266 are individuals whose actual names are currently unknown to DigiProtect. Each Defendant is known to DigiProtect only by an Internet Protocol address (hereinafter "IP address"), which is a number assigned to devices, such as computers, connected to the Internet. In the course of monitoring Internet-based infringement of its copyrighted content, DigiProtect has observed each of the IP addresses listed on Exhibit A hereto engaging in infringing activity. The Defendants' actual identities can be revealed in discovery, at which time DigiProtect will seek leave of the Court to amend this Complaint to state those identities, if necessary.

## JURISDICTION AND VENUE

4.     The Court has jurisdiction over this matter under 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338(a) (copyright) as this arises under the Copyright Act, 17 U.S.C. § 101 et seq.

5.     Although the true identity of each John Doe Defendant is currently unknown to DigiProtect, on information and belief, this Court has personal jurisdiction over Defendants under CPLR §§ 301 and 302 because, as set forth more fully herein, numerous such Defendants can be found in this District; because a substantial part of the acts of infringement complained of herein occurred in this District; because the harm suffered by Plaintiff within this District flows directly from such business conducted by Defendants; because Defendants' copying through a shared network has directly and indirectly been tied to copying known to have occurred within this district and caused harm to Plaintiff in this district; because Defendants' activities in and directed to New York were purposeful, and there is a substantial relationship between these transactions and the claims asserted herein; and Defendants engaged in tortious conduct without the state which has caused injury to Plaintiff within the state and which Defendants expected or should reasonably have expected to have consequences in the state and Defendants derive

substantial benefits from interstate or international commerce.

      6.      Venue in this District is proper under 28 U.S.C. §§ 1391(b) and/or 1400(a).

**BACKGROUND**

      7.      At all times relevant hereto, DigiProtect has been the exclusive owner of the peer-to-peer and related Internet distribution rights to the audiovisual work "Anal Fanatic" (the "Work").

      8.      The Work is registered in the United States Copyright Office. A printout of the relevant copyright registration record from the Copyright.gov database is attached hereto as Exhibit A.

**DEFENDANTS' INFRINGING CONDUCT**

      9.      On information and belief, each Defendant, without consent or permission of DigiProtect, distributed and offered to distribute over the Internet copyrighted Work for which DigiProtect has exclusive rights by use of the BitTorrent protocol, eDonkey network or other similar methods or protocols for distributing data via the Internet.

      10.      Under the BitTorrent protocol and eDonkey network, every user simultaneously receives information from and transfers information to one another, and the aggregate group of downloaders/distributors of a particular file (referred to as "peers") share such information in a so-called "swarm" of transfers in which the information is shared among the peers, such as Defendants herein, more or less simultaneously and in concert with one another, thus connecting peers physically present in this jurisdiction to peers elsewhere in a shared and mutually supportive network of unlawful copying, all of which causes harm to Plaintiff in this jurisdiction.

NYC_936347.1

11.    Even after the download to any one peer is complete, unauthorized copies continue to be distributed among other peers in the swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same, thus facilitating, enabling and contributing to copying by others.

12.    Although the actual names of peers in a swarm are unknown, because the protocol is based on peers connecting to one another, a peer must broadcast identifying information (i.e. an IP address) before it can receive data.

13.    Each of the Defendants herein, without Plaintiff's authorization or license, has deliberately downloaded torrent files, purposefully loaded the torrent files into BitTorrent clients, entered a BitTorrent swarm particular to the copyrighted Work whose peer-to-peer and related Internet distribution rights are exclusively owned by DigiProtect, and reproduced and distributed the same to numerous third parties.

14.    A log of IP address identifying each Defendant, as well as the corresponding torrent file swarm/copyrighted Work in which each Defendant participated and the date and time of Defendant's activity is attached as Exhibit B.

15.    Upon information and belief, Defendants committed their infringing acts with actual and constructive knowledge that the Work is protected by copyright and awareness of the unlawful character of the copying, and have thus been willful within the meaning of the Copyright Act.

16.    Without authorization or consent, each Defendant copied, reproduced and distributed the Work in violation of DigiProtect's exclusive right to distribute the Work via peer-to-peer and related Internet distribution.

NYC_936347.1

17.	In addition to their acts of direct infringement, the Defendants' acts have further contributed to and aided the infringing, copying, duplication and reproduction by others of the copyrighted Work.

18.	Upon information and belief, the Defendants continue to participate in reproduction and distribution to the public of the Work.

19.	Defendants' acts of infringement have caused irreparable harm to DigiProtect, and, upon information and belief, unless such acts are enjoined, they will be continued and DigiProtect will continue to suffer irreparable harm.

20.	DigiProtect has no adequate remedy at law.

**JURY DEMAND**

DigiProtect hereby demands a jury trial in this case.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against each Defendant as follows:

1.	Finding that each Defendant has directly infringed the Work and contributed to and induced the infringement of Plaintiff's rights in violation of the Copyright Act,

2.	Finding that such infringement has been willful;

3.	Entering injunctive relief restraining and enjoining each Defendant and all others in active concert with each Defendant from further violation of Plaintiff's copyrights;

4.	Directing the destruction all copies of the copyrighted Work in each Defendant's possession custody, or control;

5.	Awarding actual damages and/or statutory damages as provided under 17 U.S.C. § 504, at the election of Plaintiff;

6.	Awarding Plaintiff its costs and reasonable attorneys' fees as provided by law;

- 5 -

and

7.      Granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

Dated: November 19, 2010                    FOLEY & LARDNER LLP
       New York, New York

By: _____
     Jonathan Moskin (JM-9814)
     Britton Payne (BP-5858)
     90 Park Avenue
     New York, New York 10016
     Tel: (212) 338-3572
     Fax: (212) 687-2329

*Attorneys for Plaintiff*
*DigiProtect USA Corporation*

# EXHIBIT A