UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
DIGIPROTECT USA CORPORATION,              :
:
                       Plaintiff,   :   10 Civ. 8759 (TPG)
:
     – against –          :   **OPINION**
:
JOHN/JANE DOES 1-266,                     :
:
                     Defendants.   :
:
------------------------------------------------x

      Plaintiff, Digiprotect USA Corp. ("Digiprotect"), brings this case against unnamed defendants for copyright infringement. This court granted Digiprotect's motion for expedited discovery to seek the identities of defendants in an order dated November 23, 2010. Non-parties Comcast Cable Communications Management, LLC ("Comcast") and Time Warner Cable, Inc. ("TWC") move separately to modify the November 23, 2010 order.

      The motions are granted.

## BACKGROUND

      Digiprotect filed its original complaint in this case on November 19, 2010. The complaint alleged that 266 unidentified defendants illegally downloaded and shared the pornographic film *Anal Fanatic Vol. 1* via peer-to-peer file sharing networks. The film was produced by Patrick Collins, Inc., a California corporation, d/b/a Elegant Angel Productions,

a studio located in California. Digiprotect, rather than the film's producer, is plaintiff in this case because Digiprotect purchased from Patrick Collins, Inc. the narrow right to distribute this film via peer-to-peer file sharing networks such as those allegedly used by defendants. Digiprotect acquires such rights from various copyright holders in order to--as Digiprotect's counsel described it--"educate consumers." This "education" of consumers consists primarily of bringing suit against such consumers and seeking "modest settlements." Digiprotect, for example, has filed an almost identical suit in this district. <u>Digiprotect USA Corporation v. Does 1-240</u>, No. 10 Civ. 8760 (PAC) (S.D.N.Y. filed November 19, 2010).

    Digiprotect's original complaint did not name any individuals but instead attached a list--Exhibit B to the original complaint--of 266 internet protocol ("IP") addresses linked to the alleged infringing activity. These IP addresses correspond to individual accounts with 13 different internet service providers ("ISPs"), including Comcast and TWC, the moving parties now before the court. Digiprotect, although it did not know the location of defendants, asserted in its complaint that this court had personal jurisdiction over defendants primarily because of the injury suffered by Digiprotect--as the copyright license-holder--in New York, and because the nature of peer-to-peer file sharing networks connects all out-of-state defendants with defendants residing in New York.

Shortly after filing its original complaint, Digiprotect moved for expedited discovery pursuant to Fed. R. Civ. Pro. 26(f) in order to serve subpoenas on the 13 ISPs to discover the identities of the account holders associated with the IP addresses listed in Exhibit B.  It was in response to this motion that the November 23, 2010 order was entered, which is the subject of the motions now before the court.  The current motions are brought by two ISPs, Comcast and TWC,[1] seeking protective orders from those subpoenas and to amend the aforementioned order expediting discovery.  Both Comcast and TWC argued that the subpoenas improperly burdened them both in terms of time and money. Comcast and TWC originally asked the court to limit the number of IP addresses they were required to look up per week and to order Digiprotect to reimburse them for costs incurred in these look-ups. Comcast and TWC also argued that the subpoenas are improper as this court lacks personal jurisdiction over the defendants.

Although only two of the 13 ISPs have challenged the court's November 23, 2010 order, Digiprotect has indicated that other ISPs involved have deferred responding to subpoenas while awaiting the court's decision on Comcast and TWC's motions.  Given the obvious concern of most ISPs and the common nature of issues involved, this decision, as it relates to personal jurisdiction, will apply not only to Comcast and TWC, but to all the ISPs listed in Exhibit B.

---

[1] As relevant to this case, TWC provides internet services under the brand name "Road Runner."

At a hearing on these motions held January 13, 2011, the court *sua sponte* orally dismissed Digiprotect's claims against all defendants based on lack of personal jurisdiction and misjoinder. The court subsequently reconsidered this dismissal and withdrew its order of dismissal at a hearing held February 2, 2011. Also at that hearing, the court requested that Comcast and TWC present the court with information as to the geographic location of internet accounts connected to the IP addresses for which Digiprotect was seeking account information. Such information, the court was told, is easily accessible and publicly available.

Comcast informed the court that of the 103 IP addresses identified by Digiprotect in its complaint as corresponding to Comcast accounts, none corresponded to Comcast accounts within the state of New York. TWC informed the court that of the 43 IP addresses identified as corresponding to TWC accounts, only ten corresponded to TWC accounts in the state of New York. Thus, out of these 166 Doe defendants for which plaintiff was seeking identifying information from Comcast and TWC, only 10 had internet accounts within the state of New York. Digiprotect does not dispute the accuracy of this information.

Following receipt of this information, the court held a telephone conference where Digiprotect informed the court that, based on its own research, out of all 266 Doe defendants named in this suit only 20 to 25 used internet accounts located in the state of New York. Thus, from the

remaining 100 IP addresses--corresponding to accounts with the remaining 11 ISPs--only 10-15 correspond to internet accounts within the state of New York.

During that conference the court noted its concern about ensnaring unsophisticated individuals from around the country in a lawsuit based in New York.  The court was concerned then, and remains concerned, that defendants over whom the court has no personal jurisdiction will simply settle with plaintiff rather undertake the time and expense required to assert their rights.  Acting on these concerns, the court informed Digiprotect that discovery would only be permitted as to ISP accounts located in the state of New York.  To this end, the court suggested that Digiprotect file an amended complaint naming only defendants over whom the court would have personal jurisdiction.

Digiprotect later filed an amended complaint, again listing all 266 Doe defendants.  The court continues to believe that discovery is only proper as to those Doe defendants linked to an ISP account located in the state of New York and now so holds with further explanation.

## DISCUSSION

A plaintiff may be denied discovery if it cannot make out a *prima facie* case for personal jurisdiction over a defendant.  See, e.g., Best Van Lines, Inc. v. Walker, 490 F.3d 239, 255 (2d Cir. 2007); cf. Fed. R. Civ. Pro. 26(f) (giving the court control over the discovery process and the authority to set limitations on discovery and "determine other such

matters as are necessary for the proper management of discovery"). Such a showing is particularly important in a case such as this, where defendants will likely be unaware of their rights and unable to afford an attorney.

Thus, Digiprotect will only be permitted to seek discovery of those individuals for whom a *prima facie* showing of personal jurisdiction can be made.

Personal Jurisdiction

New York, as the forum state, supplies the requirements for personal jurisdiction in this district. Fort Knox Music Inc. v. Baptiste, 203 F.3d 193, 196 (2d Cir. 2000). General *in personam* jurisdiction in New York, as relevant here, requires that that each defendant either be a resident or domiciliary of New York, have sufficient contact with the state to constitute "doing business" in the district, or be served with process while in the district. N.Y. C.P.L.R. § 301; ABKCO Industries, Inc. v. Lennon, 384 N.Y.S.2d 781, 783-84 (1st Dep't 1976).

Long-arm jurisdiction over a non-resident defendant in New York requires substantially more. A recent decision from the New York Court of Appeals involving personal jurisdiction over defendants who use the internet to infringe a plaintiff's copyright is instructive. In Penguin Group (USA) Inc. v. Am. Buddha, 2011 N.Y. Slip Op. 02079 (Ct. of App. March 24, 2011), the Court of Appeals lays out the requirements of New York's long-arm statute, N.Y. C.P.L.R. § 302(a)(3)(ii), as relevant to the

instant case.  Section 302(a)(3)(ii) "provides jurisdiction over nondomiciliaries who commit tortious acts outside the state that result in injuries within New York." American Buddha, at 3.

The dispute in American Buddha centered on the locus of the injury in copyright cases.  The court held that although traditionally the situs of injury in commercial tort cases has been where business is lost, rather than where the plaintiff is located, "the unique bundle of rights granted to copyright owners," such as publishers, "tips the balance in favor of New York as the situs of the injury" when a New York company's copyright is infringed via unauthorized publishing on the internet. Id. at 10.  Although questions remain as to whether the benefit of American Buddha is properly extended to a New York company, such as Digiprotect, that holds a very narrow license and where most of "exclusive rights" granted to copyright holders remain with an out-of-state company--in this case, Patrick Collins Inc.--the court need not decide that issue because even if the situs of the "injury" is assumed to be New York, this court would still not have jurisdiction over out-of-state defendants.

Showing the situs of injury to be New York is only the first step in satisfying the requirements of § 302(a)(3)(ii).  As the court in American Buddha made clear:

> C.P.L.R. 302(a)(3)(ii) [requires] a plaintiff to show that the nondomiciliary both "expects or should reasonably expect the act to have consequences in the state" and, importantly, "derives substantial revenue from interstate or international

> commerce." There must also be proof that the out-of-state defendant has the requisite "minimum contacts" with the forum state and that the prospect of defending a suit here comports with "traditional notions of fair play and substantial justice," as required by the Federal Due Process Clause.

Id. at 13-14. Digiprotect has made no showing that any of the Doe defendants expected or reasonably should have expected their downloading of this film to have consequences in New York, particularly when the producer of the film is located in California. Furthermore, Digiprotect surely has no basis from which to allege that the unknown defendants derived substantial revenue from interstate or international commerce.

Since Digiprotect can thus make no *prima facie* showing of long-arm jurisdiction over out-of-state defendants, it is left with only those defendants present in the jurisdiction, over whom the court has *in personam* jurisdiction. Under these circumstances, the court is satisfied that a showing that an ISP account is located in the state of New York and corresponds to the alleged infringing of Digiprotect's copyright is enough to make a *prima facie* showing of *in personam* jurisdiction with regard to the holder of that ISP account.

Therefore, the court is amending its order of November 23, 2010, allowing expedited discovery by Digiprotect, as follows. Digiprotect may only serve subpoenas on those ISPs whose IP addresses identified by Digiprotect in Exhibit B correspond to accounts located in New York. Further, these subpoenas may only seek information regarding accounts

located in the state of New York.  As to the moving parties before the court, Digiprotect may not serve any subpoenas on Comcast and may only serve subpoenas on TWC seeking information as to the accounts that correspond to the ten IP addresses noted above.

Cost of Complying with Subpoenas

Comcast and TWC also sought protective orders compelling Digiprotect to reimburse them for the cost of complying with the subpoenas.  There is no need to consider this issue as to Comcast since Digiprotect may not serve any subpoenas on Comcast.

TWC is seeking reimbursement in the amount of $45 per IP address look-up.  This is similar to what has been ordered in other such cases, see West Bay One, Inc. v. Does 1 - 2000, 10 Civ. 481 (RMC) (D.D.C. 2010); Achte/Neutnte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1 - 4,577, 10 Civ. 453 (RMC) (D.D.C. 2010), and appears reasonable to the court.  Thus, Digiprotect shall reimburse TWC $450 for the 10 IP address look-ups TWC is required to perform.

**CONCLUSION**

The motions by Comcast and TWC are granted.  The court's order of November 23, 2010 is amended.  Digiprotect may only serve subpoenas on those ISPs whose IP addresses identified by Digiprotect in Exhibit B correspond to accounts located in New York and these subpoenas may only seek information regarding accounts located in the state of New York.   Digiprotect may not serve any subpoenas on

Comcast and may only serve subpoenas on TWC seeking information as to the accounts that correspond to the ten IP addresses noted above. Digiprotect shall reimburse TWC $450 for the IP address look-ups to be completed by TWC in this case.

SO ORDERED.

Dated: New York, New York
April 13, 2011

Thomas P. Griesa
U.S.D.J.